```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

VAUGHN RAMONE GROVE,

    Movant

v.                                 CIVIL ACTION NO. 2:12-1031
                                    (Criminal No. 2:09-00263-01)

UNITED STATES OF AMERICA,

    Respondent

## MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On December 2, 2009, the grand jury returned an indictment charging the movant in a single count with knowingly and intentionally possessing with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). On May 18, 2010, the movant entered a plea of guilty to the charged offense. As more fully discussed in the PF&R, on September 15, 2010, the Judgment was entered sentencing movant to 151 months of imprisonment. On June 17, 2011, following the movant's appeal of the Judgment, the court of appeals affirmed. On April 10, 2012, the movant sought relief pursuant to 28 U.S.C. § 2255.

On January 30, 2013, the magistrate judge filed her PF&R recommending that the court deny the section 2255 motion. On February 26, 2013, the court received movant's untimely "OBJECTIONS TO PROPOSED FINDINGS & RECOMMENDATIONS" by regular mail, along with a motion to extend the time for filing objections for a period of 30 days.  (Mot. at 1 (movant requesting that the court "grant . . . [him] an Extension of Time for (30) days to file a Memorandum of Petitioners [sic] objections.").

The court ORDERS that the motion to extend be, and hereby is, granted.  It is additionally ORDERED that the objections filed February 26, 2013, be, and hereby are, deemed timely.

The magistrate judge's PF&R analyzes two issues arising out of the ground for relief advanced by movant.  The first issue is whether Michigan law contemplates the offense of attempted assault of a prison employee.  The second issue concerns whether the conviction, denominated as a misdemeanor, would qualify as a predicate under the career offender guideline.  The movant's objections challenge only the recommendation respecting the first issue.

2

The magistrate judge's affirmative finding on the first issue is unassailable for the reasons discussed in the PF&R.  In addition to the authorities she cites, the court notes People v. Laster, 169 Mich. App. 768, 426 N.W.2d 806 (Mich. App. 1988), which states as follows:

> For years it was undisputed in the case law that there could be no attempted assault because assault was defined "as an attempt or offer, with force and violence, to do bodily hurt to another with a present means of accomplishing the hurt."  Therefore, an attempted assault would amount to an attempt to attempt or offer. Because this made no sense, several panels of this Court determined that there could be no crime of attempted assault. . . .
>
> The Michigan Supreme Court case of People v. Joeseype Johnson, 407 Mich. 196; 284 N.W.2d 718 (1979), defined assault as either (1) an attempt to commit a battery or (2) an unlawful act which places another in reasonable apprehension of receiving an immediate battery. The latter type of assault can be "attempted." People v. Etchison, 123 Mich.App. 448, 453; 333 N.W.2d 309 (1983), lv. den. 417 Mich. 1100.14 (1983).
>
> In the case at bar, defendant behaved in a manner which reasonably caused Akintunde to believe that he had a gun in the paper bag, causing her to fear him. Under these circumstances, we believe that <u>a defendant could attempt (without success) to commit an unlawful act which places another in reasonable apprehension of receiving an immediate battery. We therefore affirm defendant's conviction for attempted assault with intent to rob while armed</u>.

Id. at 770-71, 426 N.W.2d at 807-08 (citations omitted) (emphasis added).

One finds the same distinction drawn, and observation made, by one of the principal commentators nationally on the criminal law.  See 4 Charles E. Torcia, <u>Wharton's Criminal Law</u> § 693 (15th ed. elec. 2012) ("An assault is defined, under another theory, as the performance of an act which places another in reasonable apprehension of an imminent contact. Under this theory, the defendant usually intends merely to frighten the victim; he does not intend to follow through and cause the contact of which the victim is apprehensive. Under this definition of assault, there would appear to be no conceptual difficulty in finding a defendant, who attempts but fails to frighten his victim, guilty of an attempt to commit an assault.")(footnote omitted).

One of the principal commentators on the criminal law of Michigan concurs. 2B Glenn C. Gillespie, 2B <u>Gillespie Mich. Crim. L. & Proc.</u> § 40:17 (2d. ed. elec. 2012) (footnotes omitted) ("Assault is defined as either: an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery. The "unlawful act" type of assault can be "attempted." Therefore, a defendant who attempts, without success, to commit an unlawful act which places another in reasonable apprehension of receiving an immediate battery may be convicted of attempted assault.").

4

Based upon the foregoing discussion, and those reasons expressed by the magistrate judge, movant's objections lack merit. Based upon a *de novo* review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R. The court, accordingly, ORDERS that this action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED:  March 14, 2013

_____
John T. Copenhaver, Jr.
United States District Judge